**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MACARIO NIETO,

          Petitioner - Appellant,

    v.

A. A. LAMARQUE,

          Respondent - Appellee.

No. 06-56792

D.C. No. CV-04-03129-VAP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 7, 2010
Pasadena, California

Before: PREGERSON, CLIFTON, and BEA, Circuit Judges.

Macario Nieto ("Nieto") appeals the district court's denial of his petition for

a writ of habeas corpus, which alleged that admission of the investigating officer's

opinion testimony about Nieto's guilt at his trial for first-degree murder and assault

with a firearm violated his right to a "fundamentally fair" trial under the Due

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Process Clause of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

Nieto's habeas petition, filed on May 4, 2004, is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). When a state court adjudicates a claim on the merits, AEDPA bars federal habeas corpus relief on that claim unless the last reasoned state-court adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The California Court of Appeal, which provided the last reasoned state court decision, rejected Nieto's Due Process claim that the investigating officer's opinion testimony regarding Nieto's guilt rendered his trial "fundamentally unfair." *See McKinney v. Rees*, 993 F.2d 1378, 1380 (9th Cir. 1993) (noting that the category of infractions that violate "fundamental fairness" is a very narrow one). We cannot say that the state court's determination was contrary to, or involved an unreasonable application of, clearly established Supreme Court law.

In response to a question posed to Detective Enyeart by Nieto's trial counsel about whether Nieto had been "set up" for the charged offenses, the prosecution asked Enyeart on redirect whether Enyeart would be testifying against Nieto if he thought Nieto had been "set up." Enyeart responded that he would not be, and that if he were to receive information that Nieto was not guilty, he "would be the first one to come before this court and ask this case be dismissed."

Even assuming, *arguendo*, that the trial court erred when it admitted Enyeart's opinion testimony, the California Court of Appeal reasonably determined that introduction of the testimony did not render Nieto's trial fundamentally unfair. Based on the context in which the information was admitted—in direct response to what might otherwise have been misleading questions from the defense—and given the limited nature of the exchange and the significant evidence of Nieto's guilt, Nieto cannot show that any error was so extreme that it violated his Due Process rights. *See Dubria v. Smith*, 224 F.3d 995, 1001–02 (9th Cir. 2000) (opinions offered by police officers must be considered in context and are not presumptively prejudicial).

Nieto also requested that this court grant certificates of appealability ("COA's") on two additional claims: 1) there was insufficient evidence to sustain his conviction of assault with a firearm, and 2) repeated references to Nieto's gang

3

affiliation allowed the jury to convict him based on propensity inferences. Under *Slack v. McDaniel*, 529 U.S. 473 (2000), this panel should grant COA's if it determines that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* at 478.

This panel did not grant COA's for Nieto's two additional claims because "jurists of reason" would agree that Nieto cannot state valid claims under AEDPA. *Id.* Nieto cannot point to clearly established Supreme Court law which undercuts the state court's determination that there was sufficient evidence to sustain Nieto's assault conviction. Although there *was* conflicting testimony as to who was driving the car when the shots were fired, the jury could reasonably have believed Michelle Banda's testimony that Nieto was in the passenger seat, and the neighbor's testimony that the passenger fired the gun. Likewise, Nieto fails to cite a single Supreme Court case which supports the proposition that even repeated references to a defendant's gang affiliation can render his trial fundamentally unfair. Absent this showing, Nieto is not entitled to COA's on these claims.

**AFFIRMED.**